Case 1:15-cv-00120 Document 28 Filed in TXSD on 11/14/16 Page 1 of 14

United States District Court
Southern District of Texas
**ENTERED**
November 14, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| **CIPRIANO GARCIA,** | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. B: 15-120 |
| | § | |
| **WAL-MART STORES TEXAS, LLC,** | § | |
| Defendant. | § | |

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

On May 14, 2015, Plaintiff Cipriano Garcia ("Garcia") filed a complaint in County Court at Law II in Cameron County, Texas, asserting claims of premises liability and negligence against Defendant Wal-Mart Stores Texas, LLC ("Wal-Mart"). Dkt. No. 1-4, p. 1. According to Garcia's complaint, the wheel on his shopping cart broke, causing it to collapse. Id. Garcia also alleges that, as a result of the broken cart, he fell to the floor, injured his head and suffered a stroke.

On June 15, 2016, Wal-Mart filed a motion for summary judgment, which is currently before the Court. Dkt. No. 16. Garcia timely filed a response and Wal-Mart filed a reply brief. Dkt. Nos. 17, 20.

After reviewing the record and the relevant case law, the Court recommends that the motion for summary judgment be granted. Garcia has not shown a genuine dispute of material fact as to either his premises liability or his negligence claim.

### I. Background

#### A. Factual Background

On December 2, 2014, Garcia – a 72-year old retiree – went to Wal-Mart around 3:00 p.m. to purchase grain and corn for deer hunting. Dkt. No. 17-1, p. 6. Garcia was pushing a shopping cart through the store and the cart was "working fine." Id, pp. 7-8. Garcia testified that while he was walking through the bicycle aisle, the cart "just flipped over." Id,

p. 8. In the process, the back of Garcia's neck struck the rail of the shopping cart. Id. Garcia testified that the wheels of the cart did not fall off and that he saw a store employee wheel the cart away after the accident. Id, p. 14.

An unidentified female Wal-Mart employee approached Garcia while he was still on the ground. Dkt. No. 17-1, p. 9. Garcia told her to call a friend of his; once reached, the friend advised the employee to call an ambulance. Id.

The assistant manager on duty, Abby Curzio, stated in a sworn affidavit that, when she arrived at the scene, Garcia "was incoherent, confused, had difficulty speaking, and lacked movement to one side of his face and body" and that there "were no foreign substances in the area." Dkt. No. 16-4, p. 2. Curzio stated that store policy was to take witness statements, photographs, and preserve video if a customer is injured from slipping on the floor or tripping on merchandise. Id. However, it was not store policy to take those actions if a customer suffers a health emergency. Id. Because it appeared that Garcia suffered a health emergency, Curzio did not take any witness statements, photographs, or preserve store security video footage. Id.

Guadalupe Salinas was one of the paramedics who attended to Garcia. Dkt. No. 17-2, p. 5. Salinas noted that when he arrived, Garcia was exhibiting signs of having suffered a stroke, such as "slurred speech," being "unable to bear weight" and "left-side paralysis." Id. Salinas said that during his conversations with him, Garcia never told Salinas that he had fallen. Id, p. 8. Salinas also stated that he and his co-worker did "a full body assessment from head to toe" and did not find "any injuries" or any physical trauma to Garcia. Id, p. 11.

Garcia was later diagnosed with a blood clot near his brain that caused a stroke. Dkt. Nos. 16-6, 16-7. According to Garcia, an unidentified doctor told him that the reason for the clot was because Garcia had hit his head on the shopping cart. Id.

Dr. David Rosenfield – a professor of neurology at Houston Methodist Hospital and a physician, who is board-certified in neurology – reviewed Garcia's medical records and his deposition testimony. Dkt. No. 17-3, pp. 1-3. Dr. Rosenfield stated that in his expert opinion,

Garcia suffered a "closing of one of the branches of his middle cerebral artery and that caused him to have a stroke." Id, p. 7. Dr. Rosenfield said it was "impossible" that Garcia could have fallen and then had the stroke as a result. Id. Dr. Rosenfield said that if "you were to have any trauma that could at all compromise an artery deep inside the skull . . . at a minimum you'd have brain swelling . . . at a minimum you ought to have bleeding." Id. He noted that the medical records showed no evidence of bleeding or bruising to the brain. Id, pp. 7-8. Dr. Rosenfield stated that "there's no way in the world that trauma to the outside of the skull can single-handedly compromise a singular branch that's deep inside the brain." Id.

Garcia did not submit any expert witness testimony regarding the cause of the stroke.

### B. Procedural Background

On May 14, 2015, Garcia filed a complaint in County Court at Law II in Cameron County, Texas. Dkt. No. 1-4, p. 1. Garcia pled claims of negligence and premises liability against Wal-Mart, alleging that the wheel of the shopping cart collapsed, causing his injuries. Id, p. 2. Garcia sought damages for physical pain, mental anguish, physical impairment, medical expenses, lost wages, loss of earning capacity, costs, and interest. Id, pp. 2-3.

On June 5, 2015, Wal-Mart was served with a copy of the petition. Dkt. No. 1, p. 1.

On July 1, 2015, Wal-Mart timely removed the case to this Court. Dkt. No. 1.

On June 15, 2016, Wal-Mart filed a Motion for Summary Judgment. Dkt. No. 16. In its motion, Wal-Mart argued that Garcia's injuries were caused by his stroke, rather than any dangerous condition on their premises. Further, the motion asserts that Wal-Mart did not have actual or constructive knowledge of any dangerous conditions on their premises. Id.

On July 5, 2016, Garcia timely filed a response to the motion for summary judgment. Dkt. No. 17. Garcia asserted that the presence of bicycles in the aisle caused his shopping cart to flip, which caused the stroke. Id. He also asserts, without any citation to the record, that Wal-Mart should have been aware of the bicycles in the aisle.

On July 15, 2016, Wal-Mart timely filed a reply brief. Dkt. No. 20.

On October 20, 2016, the Court issued an order, indicating that it was considering entering summary judgment sua sponte as to the negligence claim, pursuant to FED. R. CIV. P. 56(f). Dkt. No. 25. The Court gave the parties additional time to brief the issues surrounding the negligence claim. Id.

On November 4, 2016, Garcia timely filed a response to the Court's order. Dkt. No. 26. In his response, Garcia re-urged his prior argument, that this case turned on disputed factual issues, and that summary judgment was not appropriate. Id.

On November 14, 2016, Wal-Mart filed a reply brief, asserting that Garcia could not meet any of the elements of a negligence claim. Dkt. No. 27.

## II. Applicable Law

### A. Diversity Jurisdiction

As relevant here, federal courts have jurisdiction over civil actions where (1) "the matter in controversy exceeds the sum or value of $75,000;" and, (2) the action is between citizens of different States. 28 U.S.C. § 1332(a)(1). In his complaint, Garcia seeks damages in excess of $1,000,000. Dkt. No. 1-1. Furthermore, Garcia is a citizen of Texas and Wal-Mart is a Delaware corporation with its headquarters in Arkansas. Dkt. No. 1. No party disputes these facts. Diversity jurisdiction is clear in this case.

"Because federal jurisdiction in this case is based on diversity of citizenship, the court must apply Texas law when determining substantive issues." Finnicum v. Wyeth, Inc., 708 F. Supp. 2d 616, 619 (E.D. Tex. 2010) (referencing Foradori v. Harris, 523 F.3d 477, 486 (5th Cir. 2008)). "If no state court decisions control, [a federal court] must make an 'Erie[1] guess' as to how the Texas Supreme Court would apply state law." Beavers v. Metro. Life Ins. Co., 566 F.3d 436, 439 (5th Cir. 2009)(footnote added).

The Court, sitting in diversity jurisdiction, will apply Texas substantive law in this case. That being said, the motion for summary judgment will be decided using the procedures established by Fed. R. Civ. P. 56. Barrett Computer Services, Inc. v. PDA, Inc.,

---

[1] Erie Railroad Co. v. Tompkins, 304 U.S. 64 (1938).

4

884 F.2d 214, 217 n 3 (5th Cir. 1989); C.R. v. American Institute for Foreign Study, Inc., 2013 WL 5157699, *3 (W.D. Tex. 2013) (unpubl.).

### B. Summary Judgment

Summary judgment is appropriate when the moving party has established that the pleadings, depositions, answers to interrogatories, admissions, and affidavits – if any – demonstrate that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). A genuine issue is "real and substantial, as opposed to merely formal, pretended, or a sham." Bazan v. Hidalgo Cnty., 246 F.3d 481, 489 (5th Cir. 2001). A material fact is one that might influence the outcome of the suit. Id. Accordingly, a "genuine issue of material fact exists where evidence is such that a reasonable jury could return a verdict for the non-movant." Piazza's Seafood World, L.L.C. v. Odom, 448 F.3d 744, 752 (5th Cir. 2006).

If "the nonmoving party will bear the burden of proof at trial on a dispositive issue," then "a summary judgment motion may properly be made in reliance solely on the pleadings, depositions, answers to interrogatories, and admissions on file." Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).

"If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim." Norwegian Bulk Transport A/S v. International Marine Terminals Partnership, 520 F.3d 409, 412 (5th Cir. 2008). The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. Id.

Additionally, the Court must review all evidence in the light most favorable to the non-moving party. Piazza's Seafood World, 448 F.3d at 752. Factual controversies must be resolved in favor of the non-moving party, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." Murungi v. Xavier

5

Univ. of La., 313 Fed. App'x. 686, 688 (5th Cir. 2008) (unpubl.) (citing Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994)). Thus, "in the absence of proof," the court cannot "assume that the nonmoving party could or would prove the necessary facts." Little, 37 F.3d at 1075. Finally, "a court should not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment." Chacon v. Copeland, 577 Fed. App'x. 355, 360 (5th Cir. 2014) (unpubl.) (quoting Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000)) (internal quotations omitted).

### C. Premises Liability

In order to prove premises liability, the plaintiff must establish: "(1) actual or constructive knowledge of a condition on the premises by the owner or occupier; (2) that the condition posed an unreasonable risk of harm; (3) that the owner or occupier did not exercise reasonable care to reduce or eliminate the risk; and (4) that the owner's or occupier's failure to use such care proximately caused the plaintiff s injury." Pay and Save, Inc. v. Martinez, — S.W.3d —, —, 2014 WL 7011799, *2 (Tex. App.-El Paso 2014) (citing CMH Homes, Inc. v. Daenen, 15 S.W.3d 97, 99–100 (Tex. 2000)).

To establish knowledge, the plaintiff must show that: (1) the defendant placed the dangerous condition on the floor, or (2) the defendant actually knew that the dangerous condition was on the floor, or (3) it is more likely than not that the condition existed long enough to give the premises owner a reasonable opportunity to discover it. Pay and Save, 2014 WL 7011799, *2 (citing Wal–Mart Stores, Inc. v. Reece, 81 S.W.3d 812, 814 (Tex. 2002)).

### D. Negligence

"To prevail on a common law negligence claim, a plaintiff must be able to prove three elements: (1) a legal duty owed by one person to another; (2) a breach of that duty; and (3) damage proximately caused by the breach." Gann v. Anheuser-Busch, Inc., 394 S.W.3d 83, 88 (Tex. App. 2012).

**III. Analysis**

Garcia has asserted two claims: one alleging premises liability; and the other asserting negligence. According to Garcia, there was either: (1) a broken wheel on the shopping cart; or (2) bicycles in the aisle, causing him to slip and fall, which in turn caused his stroke. Wal-Mart has asserted that there is no evidence to support either assertion. Dkt. No. 16. As the plaintiff, Garcia has the burden of proving his claims at trial. Strunk v. Belt Line Road Realty Co., 225 S.W.3d 91 (Tex. App.–El Paso 2005). Accordingly, Garcia must show, for purposes of resolving this motion, that there is a genuine dispute of material fact as to each element of his claim. Norwegian Bulk Transport A/S, 520 F.3d at 412. Each element of each claim is addressed in turn.

**A. Premises Liability**

In order to defeat Defendant's request for summary judgment, Garcia must establish that there is a genuine dispute of material fact as to each element of his premises liability claim. In other words, Garcia is required to show that the record contains evidence showing: that the wheel/bicycles posed an unreasonable risk of harm; that Wal-Mart knew or should have known about the danger; that Wal-Mart failed to reduce or eliminate the risk; and that this failure proximately caused Garcia's injury. Pay and Save, 2014 WL 7011799, *2. Garcia is alleging claims for both premises liability and negligence based on the same underlying set of facts. Each element is considered here.

**1. Unreasonable Risk**

As to the first element, "there seems to be no definitive, objective test which may be applied to determine whether a condition presents an unreasonable risk of harm." Seideneck v. Cal Bayreuther Associates, 451 S.W.2d 752, 754 (Tex. 1970). A condition poses an unreasonable risk of harm for premises liability purposes when there is a "sufficient probability of a harmful event occurring that a reasonably prudent person would have foreseen it or some similar event as likely to happen." County of Cameron v. Brown, 80 S.W.3d 549, 556 (Tex. 2002) (quoting Seideneck, 451 S.W.2d at 754). "Foreseeability in

7

this context does not require that the exact sequence of events that produced an injury be foreseeable." East v. Southwest Cimm's Inc., — S.W.3d —, —, 2014 WL 4257735, *6 (Tex. App.–Houston [1 Dist.] 2014) (quoting County of Cameron, 80 S.W.3d at 556). Rather, the injury that occurred must have been generally foreseeable. Id.

As an initial matter, the Court notes that a store display may be considered a dangerous condition if it creates an unreasonable risk of harm to patrons. Corbin v. Safeway Stores, Inc., 648 S.W.2d 292, 296 (Tex. 1983). In this case, the bicycles were apparently being displayed; Garcia testified at his deposition that there were bicycles in the aisle, partially blocking the aisle path. Dkt. No. 16-9, p. 7.

There is no evidence in the record indicating that the bicycles were displayed in a manner that created an unreasonable risk of harm to Garcia or any other patron. Compare Corbin, 648 S.W.2d at 296 (a store display of grapes that was done in a slanted bin over a tile floor with no floor mat created an unreasonable risk of harm) and H.E. Butt Grocery Co. v. Resendez, 988 S.W.2d 218, 219 (Tex. 1999) (the "mere display of produce for customer sampling," standing alone, does not constitute an unreasonable risk of harm to patrons). Again, there is no evidence in the record indicating that the display of the bicycles was such that it created a dangerous condition.

The same can be said about the broken shopping cart wheel. In short, there is insufficient evidence in the record to establish that there was a broken wheel on the shopping cart. No witnesses noted the presence of a broken wheel. Garcia admitted that he had no knowledge that the cart "was defective in any way." Dkt. No. 16-9, p. 10. He also "saw them wheel away the shopping cart after the accident," an action that would be very hard to do with a broken wheel. Id, p. 14. Moreover, he had no recollection as to whether "any piece of the shopping cart fell off." Id.

Simply put, there is no evidence in the record that the shopping cart had a broken wheel. A broken shopping cart may be considered an unreasonably dangerous condition. J. Weingarten, Inc. v. Obiedio, 515 S.W.2d 308, 310 (Tex. Civ. App. 1974). In this case,

though, there is no evidence that the shopping cart used by Garcia posed an unreasonable risk of danger to him. Thus, Garcia has failed to introduce evidence to establish the first element of the premises liability claim, as to the shopping cart wheel. Accordingly, summary judgment is appropriate as to the broken shopping cart wheel.[2]

### 2. Notice

Even if the Court assumes that the display of the bicycles constituted a dangerous condition, it avails Garcia nothing, because he cannot show that Wal-Mart had notice of the dangerous condition.

To establish the second element – notice – Garcia must show that Wal-Mart: (1) put the bicycles on the floor; or (2) knew the bicycles were on the floor; or (3) that the bicycles had been on the floor long enough for Wal-Mart to have a reasonable opportunity to discover them.

The record is devoid of any evidence indicating whether the bicycles were part of a display set up by Wal-Mart employees or whether a customer left the bicycles in the aisle after examining them for possible purchase. Indeed, Garcia has never asserted that Wal-Mart employees placed the bicycles in the aisle or that any Wal-Mart employee had knowledge of the bicycles in the aisle. Accordingly, the Court will focus its attention upon whether there is evidence that the bicycles, placed there by whomever, had been in the aisle long enough for Wal-Mart to have a reasonable opportunity to discover them.

"Temporal evidence, the length of time that the dangerous condition existed, provides the best indication of whether the [defendant] had a reasonable opportunity to discover a dangerous condition." Coward v. H.E.B., Inc., 2014 WL 3512800, *4-5 (Tex. App.-Houston

---

[2] The Court notes that Garcia cannot meet any of the other elements of a premises liability claim based on the broken shopping cart wheel. Given that he has introduced no evidence that the broken wheel actually existed, he similarly has pointed to no evidence to show that Wal-Mart knew or should have known of its existence. He also has introduced no competent evidence to show that the broken wheel caused his injuries, i.e. the stroke. In sum, there is no competent evidence to show that a broken shopping cart wheel existed or played any role in Garcia's injuries.

9

[1 Dist.] 2014) (unpubl.). "Temporal evidence is <u>necessary</u> for the fact-finder to conclude that the store owner had an opportunity to discover the dangerous condition." <u>Id</u>. (emphasis added).

There is simply no evidence in the record showing how long the bicycles had been in the aisle. Moreover, there is no evidence in the record from which to conclude – even circumstantially – how long the bicycles had been in the aisle. This failure, among others, dictates the result.

Because Garcia cannot sustain his burden to show that Wal-Mart had a reasonable opportunity to discover the dangerous condition, he has failed to meet an essential element of his claim. Furthermore, because there is no evidence that Wal-Mart should have known about the condition, there is similarly no evidence to show that Wal-Mart acted unreasonably in failing to reduce or eliminate the risk. Thus, Garcia has failed to introduce evidence in support of this element of his case.

### 3. Causation

Even if the Court assumes, for the sake of argument, that Wal-Mart knew or should have known about the bicycles on the floor, it avails Garcia nothing. Garcia has failed to introduce competent summary judgment evidence as to causation, mandating that summary judgment be granted in Wal-Mart's favor.

The Court notes that the "general rule is that expert testimony is necessary to establish causation as to medical conditions outside the common knowledge and experience of jurors." <u>Abilene Indep. Sch. Dist. v. Marks</u>, 261 S.W.3d 262, 268 (Tex. App. 2008). Expert testimony has been deemed necessary in cases involving skull fractures, <u>Roark v. Allen</u>, 633 S.W.2d 804, 809 (Tex.1982), and the source of infections. <u>Kaster v. Woodson</u>, 123 S.W.2d 981, 983 (Tex. Civ. App.-Austin 1938, writ ref'd). The cause of a stroke clearly falls outside of the common knowledge and experience of a jury. Further, while the plaintiff may be able to testify to what they experienced, he generally lacks the medical knowledge to make a diagnosis of the cause of his condition, except in limited circumstances where there is

obvious cause and effect. Guevara v. Ferrer, 247 S.W.3d 662, 668 (Tex. 2007).

Garcia points to no expert medical testimony to show that his stroke was caused by the fall or by the bicycles. At best, he has employed a layman's conjecture, supplemented with a purported statement from an unidentified doctor that the stroke was caused by his fall. The Court notes that "[e]vidence that would not be admissible at trial is not competent evidence to be considered during summary judgment." Fonteneaux v. Shell Oil Co., 289 F. App'x 695, 699 (5th Cir. 2008) (unpubl.) (citing Duplantis v. Shell Offshore, Inc., 948 F.2d 187, 192 (5th Cir. 1991)).

The statement from the doctor is hearsay. It is an out-of-court statement offered for the truth of the matter asserted, namely that the fall caused the stroke. FED. R. EVID. 801(c)(1). Accordingly, the doctor's statement is inadmissible and cannot be used to overcome summary judgment. Duplantis, 948 F.2d at 192. Moreover, even if the statement satisfied some exception to the hearsay rule, it is still inadmissible because the opinion must "rest on reasonable medical probability." Benham v. Lynch, No. 04-09-00606-CV, 2011 WL 381665, at *3 (Tex. App. Feb. 2, 2011). There is no evidence in the record showing that the unidentified doctor's opinion rested on such certainty.

Finally, even if the stroke was caused by the fall, it is not clear from Garcia's testimony that the bicycles caused the fall. He testified that the shopping cart did not hit the bicycles. Dkt. No. 16-9, p. 7. When asked "why did the shopping cart flip over," Garcia responded, "I don't know." Id. When asked if the shopping cart "hit anything before it flipped it over," Garcia responded, "I don't know." Id. When asked "what was it that caused you to fall to the ground," Garcia responded "[b]ecause the shopping cart, it fell down, flipped over, flipped over." Id, p. 9. At no point during his deposition testimony does Garcia affirmatively assert that the presence of the bicycles caused his fall.

Accordingly, there is no evidence in the record that a reasonable fact-finder could rely upon to decide that the bicycles caused the fall or that the fall caused the stroke. From this, it is inescapable that there is no genuine dispute of material fact and that summary judgment in Defendant's favor is appropriate.

### B. Negligence

As an initial matter, it does not appear that Garcia can maintain a negligence claim against Wal-Mart. "A litigant may maintain causes of action for both general negligence and premises liability, but under the general-negligence theory of recovery, the claimant's injury must result from the defendant's [affirmative] contemporaneous activity." Mangham v. YMCA of Austin, Texas-Hays Communities, 408 S.W.3d 923, 929 (Tex. App. 2013) (internal citations omitted). "Negligent activity and premises liability are both within the scope of negligence, but negligent activity encompasses a malfeasance theory based on affirmative, contemporaneous conduct by the owner that caused the injury, while premises liability encompasses a nonfeasance theory based on the owner's failure to take measures to make the property safe." Id. (internal quotations omitted).

There is no evidence in the record of any affirmative, contemporaneous conduct by Wal-Mart or its employees that caused Garcia's injuries. Garcia's claims all sound in premises liability – that the bicycles or the shopping cart injured him because Wal-Mart failed to take steps to protect him from danger. Accordingly, the negligence claim should be barred as a matter of law.

Even if it is not foreclosed as a matter of law, Garcia's negligence claim fails because he has not introduced evidence to create a genuine issue of material fact as to every element of this claim. As previously noted, to maintain a negligence claim against Wal-Mart, Garcia must establish that (1) Wal-Mart owed a duty of care to him, (2) a breach of that duty, and (3) injuries caused by that breach. Gann, 394 S.W.3d at 88. These elements are conjunctive, so Garcia must introduce facts supporting every element to avoid entry of summary judgment against him. Gen. Elec. Co. v. M & M X-Press Serv., Ltd., No. Civ.A. H-07-02175, 2008 WL 4747211, at *3 (S.D. Tex. Oct. 27, 2008). Garcia's negligence claim suffers the same shortcoming as his premises liability claim, for which reason summary judgment in Defendant's favor is appropriate.

### 1. Duty of Care

As to the first element, Wal-Mart has a duty of reasonable care "to keep the premises under . . . [its] control in a safe condition for business invitees . . . by making the premises safe or to warn of dangerous conditions as reasonably prudent under the circumstances." Carey v. Hi-Lo Auto Supply, LP, No. 02-15-00345-CV, 2016 WL 3198872, at *2 (Tex. App. June 9, 2016). Thus, as a matter of law, Garcia has shown that Wal-Mart owed him a duty to keep the premises safe.

### 2. Breach

As to the second element, there is a factual disagreement as to whether Wal-Mart breached that duty. Garcia has testified that there were bicycles in the middle of the aisle. This assertion, if proven at trial, could show that Wal-Mart breached its duty. Thus, there is a genuine dispute regarding the element of breach of duty.

### 3. Causation

Regarding the third element – that the breach caused his injury – Garcia has failed to introduce any evidence of causation. There is no evidence in the record that Garcia's stroke was caused by the fall. Instead, the only admissible evidence indicates the contrary. As previously noted and discussed, Garcia must introduce expert evidence of causation of the stroke, because such specialized knowledge is beyond the common experience of jurors. Marks, 261 S.W.3d at 268. For the same reasons discussed in the analysis of his premises liability claim, Garcia has not established that there is a genuine dispute of material fact as to causation. Accordingly, summary judgment is appropriate.

## IV. Recommendation

It is recommended that Wal-Mart's motion for summary judgment be granted, Dkt. No. 16.

It is further recommended that judgment be entered for Wal-Mart as to all of Garcia's claims and that Garcia take nothing, with each party responsible for its own fees and costs.

### A. Notice to Parties

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Andrew S. Hanen, United States District Judge. 28 U.S.C. § 636(b)(1) (eff. Dec. 1, 2009). Failure to file timely objections shall bar the parties from a de novo determination by the District Judge of an issue covered in the report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the district court except upon grounds of plain error or manifest injustice. See § 636(b)(1); Thomas v Arn, 474 U.S. 140, 149 (1985); Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1428-29 (5th Cir. 1996), superseded by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

DONE at Brownsville, Texas, on November 14, 2016.

_____
Ronald G. Morgan
United States Magistrate Judge